NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided November 24, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1168

| | |
|---|---|
| ANNIE L. KINDLE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 4643 |
| WAUKEGAN COMMUNITY UNIT | |
| SCHOOL DISTRICT 60, | Matthew F. Kennelly, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Annie Kindle appeals the district court's grant of summary judgment for Waukegan Community Unit School District 60 on her retaliation and race discrimination claims. But she has pointed to no error in the district court's decision, and we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Kindle, who is African-American, supervises a kitchen that is part of a school cafeteria in the school district. She filed a charge with the Equal Employment Opportunity Commission alleging that the school district discriminated against her based on race when it denied her a chance to take a temporary assignment at another school's kitchen. She received a right-to-sue letter and sued in federal court. The district court granted summary judgment for the school district. *See Kindle v. Waukegan Cmty. Unit Dist.*, No. 03 C 2357 (N.D. Ill. Mar. 15, 2004).

A few months later, she filed a second charge with the EEOC, alleging that the school district retaliated against her for filing her earlier EEOC charge and further discriminated against her. After receiving another right-to-sue letter, she sued in federal court, claiming in part, that the school district (1) denied her a chance to work at her school's kitchen in the summer of 2004 after she filed her first EEOC charge; (2) failed to pay her for Good Friday holidays from 1997 to 2005; and (3) refused to fill her food orders and then wrote her up for the resulting shortages. *See* 42 U.S.C. §§ 1981; 2000e-2; 2000e-3.

The district court again granted summary judgment for the school district. *Kindle v. Waukegan Cmty. Unit Sch. Dist. 60*, No. 07 C 4643, 2009 WL 4043384, at *7 (N.D. Ill. Nov. 19, 2009). Regarding Kindle's claim that she was denied the opportunity to work at summer school, the court found no evidence that the school district's reason for not hiring her—she did not promptly respond to the school district's invitation to be part of a staff that had been swiftly assembled at the last minute—was pretext. With respect to Kindle's second claim, the court found that the school district's failure to pay her for past Good Fridays was an oversight and had nothing to do with her race or prior EEOC charge. And concerning Kindle's third claim, the court found that her being written up for food shortages did not constitute the requisite adverse employment action.

Now proceeding pro se on appeal, Kindle disagrees with the district court's decision only in a general way. She insists that unspecified, disputed facts remain, and that under the "totality of the circumstances" a jury could have found "covert" activity on the part of the school district in discriminating against her based on race and retaliating against her for filing her first EEOC charge. But she points to no specific error in the district court's order. And although we take all facts in a light most favorable to Kindle, *see Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 856 (7th Cir. 2010), she fails to challenge any aspect of the district court's thorough and well-reasoned decision. Thus, for substantially the same reasons expressed in the district court's order, we affirm.

AFFIRMED.